UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH


**RONALD RICE**
        Plaintiff

**v.**                                                            **No. 5:07CV-00189-J**

**MICHAEL ASTRUE**
        Commissioner of Social Security
        Defendant


**MAGISTRATE JUDGE'S REPORT
and RECOMMENDATION**

        This matter is before the court upon the plaintiff's complaint seeking judicial review of the

final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by

Dennis Fentress. The fact and law summaries of the plaintiff and the defendant are at Docket Entry

Nos. 9 and 10, respectively. This matter has been referred to the undersigned magistrate judge for

report and recommendation pursuant to 28 U.S.C. § 636.

        The final decision of the Commissioner was rendered on May 1, 2007, by

administrative law judge (ALJ) Kathleen Thomas. In support of his decision denying Title II and

Title XVI benefits, Judge Thomas entered the following numbered findings:

        1. The claimant meets the insured status requirements of the Social Security Act through
December 31, 2010.

        2. The claimant has not engaged in substantial gainful activity since April 8, 2005, the
alleged onset date (20 CFR 404.1520(b), 404.1571 et seq., 416.920(b) and 416.971 et seq.).

        3. The claimant has the following severe impairments: major depression, adjustment
disorder, history of ruptured plantaris and achilles tendon and spondylolysis and grade I
spondylolisthesis of L5 and S1 (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 20 pounds occasionally and ten pounds frequently, stand and/or walk for 30 minutes at a time up to a combined total of four hours a day. He can perform no work at unprotected heights or around dangerous machinery. He can perform simple, repetitive, low stress work with no more than occasional interaction, or no sustained, ongoing interaction with the public.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on May 26, 1953 and was 51 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1563 and 416.963).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 8, 2005 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Administrative Record (AR), pp. 14-20).

## Governing Legal Standards

1. The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four. In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are

2

supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching her decision. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981). It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988). In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992). However:

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

2. To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act. To qualify for supplemental security income (SSI)

benefits, a claimant  must  file a Title XVI application, must have insufficient earnings and other financial resources, and must be under a disability as defined by the Act.     The  determination of disability is essentially the same for Title II and Title XVI purposes.

3.  Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe."  A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that  are "necessary to do most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's  ability  to work, irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985).  Any physical or mental impairment that has more than a de minimis, or significant, effect on the claimant's ability to work is "severe," and the sequential evaluation should proceed to Step #3.   In addition,  the  "severe"  impairment  must  satisfy  the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R.  §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

4

**STEP #5** If the claimant makes a <u>prima facie</u> showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990). If the evidence supports a finding that the claimant's age, education, work experience, and residual functional capacity (used to determine the claimant's maximum sustained work capability for sedentary, light, medium, heavy or very heavy work as defined by 20 C.F.R. §§ 404.1567 and 416.967) coincide with <u>all</u> the criteria of a particular rule of Appendix 2 of Subpart P, the Commissioner must decide whether the claimant is disabled in accordance with that rule. Section 200.00(a) of Appendix 2; 20 C.F.R. §§ 404.1569a(b) and 416.969a(b).

If the claimant is found to have, in addition to the exertional impairments resulting in his maximum residual strength capabilities, nonexertional limitations, e.g., mental, sensory, or skin impairments, postural or manipulative limitations, and environmental restrictions; the Commissioner may rely on the particular rule only as a "framework for decisionmaking." Section 200.00(e)(1) and (2) of Appendix 2; 20 C.F.R. §§ 404.1569a(d) and 416.969a(d); *Kimbrough v. Secretary*, 801 F.2d 794 (6th Cir., 1986). Accordingly, the focus of judicial review in Step #5 cases is typically whether the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

### Discussion

This case was denied at the fifth and final step of the sequential evaluation process based upon testimony at the administrative hearing from a vocational expert (VE). The VE testified that an individual with the physical and mental restrictions summarized in ALJ's Finding No. 5 would retain the ability to perform the jobs in numbers identified on page 9 of the ALJ's decision (AR, pp. 20 and 228-231). Unless the plaintiff points the court to evidence in the administrative record of a limitation, which the ALJ was required to accept, in addition to those stated in Finding No. 5, the court must affirm the ALJ's decision upon the strength of the vocational testimony. See *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987). The plaintiff has identified no such restriction. Therefore, we shall recommend an affirmance of the Commissioner's final decision. Nevertheless, we shall consider the plaintiff's specific contentions in turn.

The plaintiff's first numbered contention is that "the [ALJ] failed to follow the required legal standards in the evaluation of Mr. Rice's mental impairments" (Docket Entry No. 9, p. 9). The standards for assessing mental limitations were recently summarized by the District Court for the Southern District of Ohio, *Mason v. Commissioner*, 2008 WL 1733181, as follows:

> Once the Commissioner determines that a mental impairment exists, he/she must then evaluate the degree of functional loss it causes according to a special procedure. 20 C.F.R. §§ 404.1520a and 416.920a . A standard document, called the Psychiatric Review Technique Form, must be completed at each level of administrative review. This form, which corresponds to the Listing of Impairments for mental impairments, lists the signs, symptoms, and other medical findings which establishes the existence of a mental impairment.
>
> The special procedure then requires a rating of the degree of functional loss resulting from the impairment. 20 C.F.R. § 404.1520a(c)(3). Plaintiff's level of functional limitation is rated in four areas: 1) activities of daily living; 2) social functioning; 3) concentration, persistence, or pace; and 4) episodes of decompensation. 20 C.F.R § 404.1520a(c)(3). ...

Where the mental impairment is found to be severe, a determination must then be made as to whether it meets or equals a listed mental disorder. If it does not, the Commissioner must then complete a Mental Residual Functional Capacity Assessment form. This form also seeks to evaluate functional loss; however, it is intended to provide a more detailed analysis than that provided by the Psychiatric Review Technique form. The Commissioner must determine if this mental residual functional capacity [RFC] is compatible with the performance of the individual's past relevant work, and if not, whether other jobs exist in significant numbers in the economy that are compatible with this assessment. See 20 C.F.R. §§ 404.1520(e)-(f), 404.1520a(c).

The plaintiff contends that the ALJ's findings with respect to his mental limitations (i.e., he can perform simple, repetitive, low stress work with no more than occasional interaction, or no sustained, ongoing interaction with the public) were "vague" and failed to indicate specific "function-by-function" limitations as required by Social Security Ruling (SSR) 96-8p. The plaintiff is correct that SSR 96-8p requires that the RFC contemplated by the Mental Residual Functional Capacity Assessment form discussed in 20 C.F.R. § 404.1520a "assess [the claimant's] work-related abilities on a function-by-function basis." However, it is not apparent that the "function-by-function" requirement of SSR 96-8p ("assessing residual functional capacity in initial claims") applies at the ALJ-level as opposed to the state agency initial and reconsideration levels. There is no requirement for a special assessment form by the ALJ apart from a narrative discussion of findings in the written decision. Furthermore, to the extent an express function-by-function analysis is desirable at the ALJ-level, SSR 96-8p "does not require ALJs to produce such a detailed statement in writing." *Delgado v. Commissioner*, 2002 WL 343402 (6th Cir.).

7

The magistrate judge concludes that the plaintiff has failed to show that the ALJ's findings with respect to his mental limitations were impermissibly "vague." The ALJ's written decision reflects an adequate narrative discussion of the findings of all treating and examining mental health professionals (AR, pp. 15-16). Alternatively, the mental restrictions contemplated by the controlling vocational hypothetical possessed adequate specificity to satisfy the Commissioner's fifth-step burden of going forward with evidence of non-disability. The VE apparently did not find the limitations presented by the ALJ to be insufficiently specific to allow for identification of jobs. Accordingly, if the plaintiff believed that the limitations were too "vague," he should have explored the matter at the hearing by way of cross-examination of the VE, rather than first complaining upon judicial review.

Next, the plaintiff contends that the controlling vocational hypothetical, as opposed to the ALJ's findings with respect to his mental limitations, was inadequate. "It is well established that the hypothetical questions need only incorporate, however, those limitations which the ALJ has accepted as credible." *Infantado v. Astrue*, 2008 WL 345344, citing *Casey v. Secretary*, 987 F.2d 1230, 1235 (6th Cir., 1993). The magistrate judge concludes that there is no significant discrepancy between the mental limitations found by the ALJ (Finding No. 5) and the limitations presented to the VE at the hearing (AR, pp. 228-231). Hence, the hypothetical was not inadequate.

The plaintiff cites *Bielat v. Commissioner*, 267 F.Supp.2d 698 (E.D.Mich., 2003), and *Walker v. Commissioner*, 258 F.Supp.2d 693 (E.D.Mich., 2003), in support of his position that the hypothetical was inadequate. However, those cases are distinguishable from the facts of the present case. In *Bielat*, in his written decision, the ALJ adopted the completion of the Mental Residual Functional Capacity Assessment form by the non-examining state agency program

8

psychologist.   In contrast, at the hearing in *Bielat*, the controlling vocational hypothetical contemplated the much less precise restriction that the claimant was limited to "unskilled sedentary work [and] jobs low at the emotional stress level."   *Bielat* held that, although "the ALJ is not required to repeat the medical findings of limitations verbatim in his hypothetical question," quoting *Roe v. Chater*, 92 F.3d 672 (8th Cir., 1996), it "must adequately reflect those limitations."   In this case, as noted above, there is no discrepancy between the ALJ's findings in his written decision and as given to the VE at the hearing.

In *Walker*, in his written decision, the ALJ found that the claimant suffered from a depressive disorder.   However, the vocational hypothetical contemplated only that the claimant could perform simple, unskilled work.   *Walker* held that the hypothetical "did not necessarily take into account [all] the non-exertional limitations imposed on [the claimant] by his depressive disorder," for example, the claimant's ability to interact with the public.   In this case, the hypothetical contemplated that the plaintiff's depression and adjustment disorder limited him to "simple, repetitive, low stress work with no more than occasional interaction, or no sustained, ongoing interaction with the public."   The VE further clarified that the identified jobs did not require a "fast pace" (AR, pp. 232-233).

Next, the plaintiff argues that ALJ erred in rejecting the findings of licensed clinical social worker, Don Goble.   Licensed clinical social workers are not an "acceptable medical source" as contemplated by 20 C.F.R.   §§ 404.1513(a) and 416.913(a). In any event, on April 13, 2006, Mr. Goble completed the a Mental Residual Functional Capacity Assessment form, finding among other things, that the plaintiff is "moderately" limited in eight functional areas (AR, pp. 184-185). In his written decision, the ALJ declined to adopt Mr. Goble's findings for the following reasons (AR, p. 15):

> The undersigned has considered this assessment and notes it was completed after Mr. Goble saw the claimant on only **one** occasion.  No formal psychometric testing was performed and the limitations appear to be based solely on the claimant's subjective complaints.  While the undersigned finds some of these limitations to be consistent with the rest of the mental health treatment record, she notes the claimant is not quite as limited as suggested by Mr. Goble at this time.

The magistrate judge concludes that the ALJ identified a substantial basis for declining to defer to Mr. Goble's findings.  In addition, the record reflects that, at the time of Mr. Goble's assessment, the plaintiff was experiencing situational stress and anxiety not satisfying the twelve-month duration requirement for disability due to a pending court date in June of 2006, on a charge of first-degree sexual abuse of his daughter (AR, pp. 180 and 188).

Next, the plaintiff argues that the ALJ did not properly consider Mr. Goble's assignment of a current global assessment of functioning (GAF) of 50 on March 23, 2006 (AR, p. 189).  The magistrate judge concludes that the ALJ was not required to defer to Mr. Goble's one-time GAF rating of 50 for the same reasons discussed above, the GAF of 50 was situational, and subsequent GAF scores were less-restrictive (AR, pp. 181, 196, 198, and 201).  In any event, GAF scores are deemed to be subjective and have little bearing on the individual's ability to function in an occupational context.  ALJ's need not put "stock" in them.  See *DeBoard v. Commissioner*, 2006 WL 3690637 and *Kornecky v. Commissioner*, 2006 WL 305648.

The plaintiff's second and final numbered contention is that "the administrative decision was based on inadequate and insufficient vocational evidence" (Docket Entry No. 9, p. 16).  This case was denied at the fifth and final step of the sequential evaluation process.  The ALJ cited Rule 202.14 of Appendix 2 of the regulations, the so-called medical-vocational guidelines, or grids, as a framework for decisionmaking (AR, p. 19).  Grid Rule 202.14 contemplates, among other things, a maximum exertional capacity for "light" work.  "Light" work generally requires a

10

"good deal of walking or standing." 20 C.F.R. §§ 404.1567(b) and 416.967(b). "A good deal" of standing/walking means "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10.

The plaintiff argues that the ALJ's Finding No. 5 to the effect that he is limited to standing/walking for 30 minutes at a time for a combined total of four hours a day (ALJ's Finding No. 5) would in essence limit him to "sedentary" work (Docket Entry No. 9, p. 19, citing *Krupa v. Commissioner*, 366 F.Supp.2d 513 (E.D.Mich., 2005)). The Commissioner appears to concede this aspect of the plaintiff's argument but draws a different conclusion (Docket Entry No. 10, p. 9). According to the Commissioner, because the plaintiff's "actual capacity was above sedentary and below light, which is not the same as simply sedentary ... [t]his is precisely the kind of case where the ALJ [should] use a [VE] for an individualized assessment, rather than the broad rules of the medical-vocational guidelines" (p. 9).

In any event, based upon the foregoing conclusion that the plaintiff is limited, in essence, to "sedentary" work and the ALJ's reliance upon Grid Rule 202.14, the plaintiff contends that the corresponding rule for "sedentary" work, i.e., Grid Rule 201.14, mandates an ultimate finding of disability in his case. Among other things, Grid Rule 201.14 contemplates a previous work experience of "skilled or semiskilled – skills not transferable." The magistrate judge concludes that the plaintiff's reliance upon Grid Rule 201.14 is unpersuasive because the VE testified that, in fact, the plaintiff possesses transferable skills (AR, p. 227). The ALJ's reliance upon Grid Rule 202.14, which contemplates no transferable skills, was not based upon a finding that the plaintiff has no transferable skills but rather upon a finding that "[t]ransferability of job skills is not material to the determination of disability." ALJ's Finding No. 9.

11

As indicated above, the ALJ cited Grid Rule 202.14, which contemplates a maximum exertional capacity for "light" work, as a framework for decisionmaking and accepted the VE's testimony that an individual with the restrictions in ALJ's Finding No. 5 would retain the ability to perform the jobs of assembler (Dictionary of Occupational Titles (DOT) No. 706.687-010) and hand packager (DOT No. 920.587-018).   The plaintiff argues that the ALJ erred in finding that he can perform the hand packager job because the DOT classifies it as "medium."   The plaintiff cites SSR 00-4p for the proposition that an ALJ is required to "identify and obtain a reasonable explanation for any conflict between occupational evidence provided by VE's ... and information in the ... DOT."   The magistrate judge concludes that the plaintiff's argument is unpersuasive because the VE did, in fact, identify a reasonable explanation for any conflict, to-wit, although the job of hand packager is classified as "medium" in the DOT, it is "performed at the light level as well" (AR, p. 230).

## RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections. A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a de novo review of objections that are general, conclusory, or merely adopt previous pleadings. The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).